## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 18-03035-01-CR-S-RK** |
| **HARDELL CORNELIUS MILLER,** | |
| **Defendant.** | |

## MOTION OF THE UNITED STATES FOR PRETRIAL DETENTION HEARING PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3142(f)

**COMES NOW** the United States of America, by the United States Attorney for the Western District of Missouri, and does hereby move that the Court order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that the defendant committed the offense of possession with intent to distribute heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C); and the offense of possession of a firearm by a convicted felon, in violation of Title 21, United States Code, Section 922(g)(1);

2. The defendant poses a risk to the safety of others in the community; and

3. The defendant is a risk to fail to appear for court.

## SUPPORTING SUGGESTIONS

Subsection 3142(f), of Title 18, United States Code provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions

will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801, et seq.) for which imprisonment for ten years or more is possible. In this case, the defendant is charged with the offense of possession with intent to distribute heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C), a crime for which a term of up to 20 years in prison is possible. Accordingly, the Government suggests that upon a showing that there exists probable cause that the defendant committed the offense referred to in the indictment, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community. *See United States v. Apker*, 964 F.2d 742, 743-44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988).

Section 3142(e) and (f)(1) provides a presumption that a defendant will not appear for subsequent court appearances that arise if the offense is one enumerated under the Controlled Substance Act as referred to above. Under the Bail Reform Act there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the Government's case, and the penalty which conviction could bring. *See Apker*, 964 F.2d at 744.

As further reasons for detention, the Government argues by clear and convincing evidence, that the defendant poses a serious danger to the community, and by a preponderance of the evidence, that he is a risk not to appear for his court proceedings. In support, the Government notes that the defendant has an extensive criminal history, including the following convictions:

> 1.      January 27, 2006, Possession of a Controlled Substance (Felony), 31st Circuit, Greene County, Missouri (Case # 31104CF0191), sentenced to four (4) years MDOC.

2

2.     December 20, 2007, Domestic Assault 2nd Degree (Felony), 31st Circuit, Greene County, Missouri (Case # 0831-CR06351), sentenced to five (5) years MDOC.

3.     November 13, 2008, Possession of a Controlled Substance (Felony), 31st Circuit, Greene County, Missouri (Case # 31306CF3102), sentenced to seven (7) years MDOC.

4.     November 13, 2008, Possession of a Controlled Substance, 31st Circuit, Greene County, Missouri (Case # 0831-CR04230-01), sentenced to seven (7) years MDOC.

5.     April 29, 2015, Resisting Arrest (Misdemeanor) and Domestic Violence 3rd (Misdemeanor), 31st Circuit Greene County, Missouri (Case # 1431CR-00879), sentenced to 180-days incarceration, sentence suspended with two years of probation.

As further evidence that the defendant is a danger to the community, on February 7, 2017, law enforcement found the defendant in possession of a firearm, a Derringer, Model TA 38, .38 caliber two-shot pistol, while the defendant was engaged in the distribution of heroin.  In addition, the defendant has a history of use and abuse of controlled substances, particularly heroin, while in possession of firearms and there would not be any suitable home plan that the Court could devise to ensure that the defendant would appear for his court appearances.

For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney

By     /s/ Randall D. Eggert
Randall D. Eggert MOBar  #39404
Assistant United States Attorney
901 St. Louis Street, Suite 500
Springfield, Missouri 65806-2511

3

**<u>Certificate of Service</u>**

The undersigned hereby certifies that a copy of the foregoing was delivered on March 12, 2018, to the CM/ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Randall D. Eggert*
Randall D. Eggert
Assistant United States Attorney
